IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01871-BNB

DAVID JACKSON,

    Plaintiff,

v.

VERA JACKSON,

    Defendant.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 20 2007

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff David Jackson initiated this action by filing *pro se* a Complaint. The Court must construe the Complaint liberally because Mr. Jackson is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. **See id.**

Mr. Jackson is challenging the validity of a divorce decree entered on October 8, 1987, in the Denver District Court. Mr. Jackson contends that his constitutional rights were violated in the course of the state court divorce proceedings. Although it appears that the state divorce case has been final for many years, Mr. Jackson has made

repeated attempts to challenge the validity of the divorce decree. Most recently, the Denver District Court has entered orders in 2006 and 2007 rejecting Mr. Jackson's attempts to set aside the divorce decree. Mr. Jackson has submitted to the Court copies of at least some of the state court orders as exhibits in this action. The named Defendant in the instant action is Mr. Jackson's ex-wife. As relief Mr. Jackson seeks a declaratory judgment on the constitutionality of the state divorce decree.

Mr. Jackson previously has challenged in this Court various orders entered in the same state court divorce action. *See Jackson v. Jackson*, No. 05-cv-02033-WYD-CBS (D. Colo. May 19, 2006), *aff'd as modified*, No. 06-1237 (10th Cir. Sept. 1, 2006). Case number 05-cv-02033-WYD-CBS was dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction. The issue of subject matter jurisdiction may be raised sua sponte by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). "The party seeking to invoke the jurisdiction of a federal court must demonstrate that the case is within the court's jurisdiction." *United States v. Bustillos*, 31 F.3d 931, 933 (10th Cir. 1994).

The Court has examined the Complaint filed in this action and finds that the Court lacks subject matter jurisdiction because Mr. Jackson again is asking the Court to review the constitutionality of the state court divorce decree. The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack

jurisdiction to adjudicate claims seeking review of state court judgments. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). The *Rooker-Feldman* doctrine precludes "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see also Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994) (stating that the losing party in a state court proceeding is generally "barred from seeking what in substance would be appellate review of the state court judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights."). Review of the state court judgment must proceed to the state's highest court and then to the United States Supreme Court pursuant to 28 U.S.C. § 1257. *See Facio v. Jones*, 929 F.2d 541, 543 (10th Cir. 1991).

The *Rooker-Feldman* doctrine bars not only cases seeking direct review of state court judgments; it also bars cases that are "inextricably intertwined" with a prior state court judgment. *See Feldman*, 460 U.S. at 482 n.16. "To determine whether a federal plaintiff's claim is inextricably intertwined with a state court judgment, [the Court] must pay close attention to the relief the plaintiff seeks." *Crutchfield v. Countrywide Home Loans*, 389 F.3d 1144, 1147-48 (10th Cir. 2004). "Where a plaintiff seeks a remedy that would disrupt or undo a state court judgment, the federal claim is inextricably intertwined with the state court judgment." *Id.* at 1148. Furthermore, the *Rooker-*

*Feldman* doctrine "precludes not only review of adjudications of the state's highest court, but also the decisions of its lower courts." *See Jordahl v. Democratic Party of Va.*, 122 F.3d 192, 199 (4th Cir. 1997).

As noted above, Mr. Jackson is asking this Court to declare that the state court divorce decree is unconstitutional, which would require the Court to review the state court judgment. Therefore, the Court finds that the complaint must be dismissed for lack of subject matter jurisdiction pursuant to the *Rooker-Feldman* doctrine. *See Van Sickle v. Holloway*, 791 F.2d 1431, 1436 (10th Cir. 1986).

Finally, although it appears that the state court divorce decree is final, Mr. Jackson may argue that the state court proceedings are not final based on the various motions he recently has filed attempting to set aside the divorce decree. If the state court proceedings are not final, the *Rooker-Feldman* doctrine would not bar the instant action. *See Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280 (2005). However, even if the instant action is not barred by the *Rooker-Feldman* doctrine, the Court will abstain from exercising jurisdiction pursuant to *Younger v. Harris*, 401 U.S. 37, 44 (1971).

There are three conditions that must be met under *Younger*.

> First, there must be ongoing state criminal, civil, or administrative proceedings. Second, the state court must offer an adequate forum to hear the federal plaintiff's claims from the federal lawsuit. Third, the state proceeding must involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Taylor v. Jacquez*, 126 F.3d 1294, 1297 (10th Cir. 1997). In the instant action, all three

4

of these conditions are met. First, the state court proceedings are ongoing if they are not final. Second, Mr. Jackson may raise his constitutional claims in the course of the state court proceedings. Finally, the state court divorce action involves important state interests. The Supreme Court has stated that "'[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" **Ankenbrandt v. Richards**, 504 U.S. 689, 703 (1992) (quoting **Ex Parte Burrus**, 136 U.S. 586, 593-94 (1890)). Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice.

DATED at Denver, Colorado, this 19 day of Sept., 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 07-cv-1871-BNB

David Jackson
P.O. Box 17163
Boulder, CO 80308

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 9/20/07

                                    GREGORY C. LANGHAM, CLERK

                            By: _____
                                         Deputy Clerk